# WINDSOR COUNTY.

## February Term, 1842.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
    " STEPHEN ROYCE,
    " JACOB COLLAMER, } *Assistant Justices.*
    " ISAAC F. REDFIELD,

---

Carey Allen, administrator of Sylvester Edson, *v.* Asaph Fletcher, Jun., Bushrod W. Rice and Grover Dodge.

Where mutual claims are allowed by commissioners in favor of and against an estate represented insolvent, and the administrator, within twenty days after the return of the commission to the probate court, files objections to the allowance against the estate, and the creditor does not prosecute his claim against the estate at the term of the county court next after the filing of such objections, and the administrator does not procure an affirmance of the allowance in favor of the estate at that term, he cannot have such affirmance at any subsequent term of the court.

This was a complaint filed in the county court, at the November term thereof, 1840, but entitled of the May term, 1840, by Carey Allen, administrator of the estate of Sylvester Edson, deceased, intestate, setting forth that commissioners were appointed by the probate court for the district of Hartford to receive, examine and adjust all claims and demands against said estate, and those exhibited in offset thereto ; that the defendants presented to said commissioners, for allowance, a note for $2,032.32, executed by the intestate and one Demmon, on which several payments were indorsed ; that the complainant, as administrator as afore-

said, presented certain notes in favor of the intestate against the defendants, in offset to the note presented by the defendants; that the commissioners allowed the defendants' claim at 1408.09, and allowed the complainant's claim in offset at $696.07, leaving a balance due the defendants of $712.02; that the commissioners reported said allowances to said probate court at a session thereof held at Woodstock, on the 19th day of March, 1840, which report was then and there accepted by said probate court, and duly recorded; that, within twenty days thereafter, to wit, on the 25th day of March, 1840, the complainant filed in said probate court his objections, in writing, to the allowance of the defendants' said claim, of which the defendants were duly notified under an order of said probate court, to wit, on the 25th day of March, 1840, and that the defendants wholly neglected to enter and prosecute their said claim in the county court at the May term thereof, 1840, and the complainant prayed the county court for leave to enter said complaint as of the May term, 1840, and have a continuance entered to the November term, 1840, and for an affirmance of the judgment of the commissioners, allowing $696.07, against the defendants, with costs.

Upon the hearing in the county court, that court found the matters stated in the complaint to be true; but dismissed the complaint without costs to either party.

The complainant excepted to the decision.

*T. Hutchinson,* for complainant.

This case probably presents a question rather new, but one which may often occur; and it seems important that it should be so decided as to form a rule, just and practicable, by which like cases will be governed, without that uncertainty which genders controversy.

One result to be thought of is that the state of things, here presented, leaves the claims in favor of the estate in *statu quo*, to be sued and litigated, and liable to be met with proof of payment, or any other defence, just as if sued without having been laid before the commissioners. This would render useless that provision of the statute which requires the commissioners to report what claims they allow, and what they disallow, on both sides. Comp. Stat., Slade's Ed. 353.

*Margin note:* WINDSOR, *February,* 1842.

Allen, adm. of Edson, *v.* Fletcher *et al.*

Windsor,
February,
1842.

Allen, adm. of
Edson,
v.
Fletcher et al.

Furthermore, this would contravene the decision of this court, that a sum allowed and returned by the commissioners, and appearing on the probate records, is as a judgment of a court of competent jurisdiction, and cannot be controverted. *Woods, adm'r,* v. *Pettes et al.* 4 Vt. R. 556.

The act of the defendants, in presenting their claim before the commissioners, was the commencement of an action which, by law, necessarily brought all mutual claims before that board, constituted by statute the proper and the only forum to decide these claims, subject to a rehearing only on an appeal to the county court in the way pointed out by the same statute; and the objections filed by the administrator, and notice to these claimants, operate as an appeal by them, which they must carry to the county court, with a declaration upon their claim, which carries all the mutual claims to the county court; and their neglecting thus to carry up their case works a forfeiture of *their* claim, but no forfeiture of the rights of the administrator; and, as we think, his claims, allowed by the commissioners, cannot be controverted after this failure to enter the case in the county court; and the administrator has no right to neglect attending the county court, supposing it possible that these creditors would neglect to bring up the case; but he must, at his peril, attend and be in readiness to meet the case, and defend against the claim of the creditors, and support his own claims, if the case is duly entered; and he is entitled to an affirmance of the decision of the commissioners with his cost of thus attending the county court.

If it were true, and known to be so, that the decision of the commissioners, in circumstances like these, would establish the claim of the administrator beyond controversy; still, the administrator is not obliged to run the risk of the result without knowing whether an entry is made or not; nor ought he to lose his cost of thus attending the county court to learn the state of things, and do what he finds it his duty to do.

We believe this case, under the regulations of the statute, as nearly resembles a pauper case as any thing known in our laws. The order of removal is the commencement of an action by the town making the order against the town to which the removal is to be made. An appeal is taken. This

does not vacate the order of removal; it only lays the foundation to vacate it on a trial of the appeal. The plaintiff town appears to support their order, but the appeal is not entered. If they might go home, and consider their order of removal safe, they are not obliged to do so, but may, and usually do, file their complaint and procure the affirmance of the order, with the cost of the county court. Upon the similarity of the cases we consider that, whether the decision of the commissioners, allowing our claim, under all the circumstances which have occurred, stands unimpeached or not, whether its validity and permanence required an affirmance by the county court or not, we were right in making our complaint, and were entitled to an affirmance with our costs.

The more I examine the statute the more necessary it appears that the ninety-third and ninety-fourth sections of the statute, pages 353–4, should be construed as making the appellant, and the person whose claim is objected to, one and the same in all stages after the appeal or objection is taken. *Gwillim* v. *Holbrook,* 1 B. & P. 410.

*Tracy & Converse,* for defendants.

The law provides for appeals from probate courts and from commissioners. Statute, Slade's comp. p. 353, § 93, 94. The appeal must be to the " *next term,*" and in case the appellant shall fail to enter his appeal, his claim shall be barred. *Woodward* v. *Spear,* 10 Vt. R. 420. *Love* v. *Estes et al.,* 6 Do. 286. So in case of objection by the administrator to the allowance of a claim against the estate. The claim thus objected to shall be barred.

There is no provision for entering the appeal at any subsequent term, except when the appellant is prevented from " taking or entering his appeal by *fraud, accident* or *mistake.* Stat., Slade's comp. p. 116, § 1.

But such is not this petition. The court had no power to grant the prayer of the petition. If they had authority to do any thing, it must only be to allow the whole case to be entered on the docket, and tried upon its merits.

The court had no authority to award costs to the complainant. If there is any error in relation to costs it consists in not allowing costs to the defendants.

*Margin note:* WINDSOR, *February,* 1842. Allen, adm. of Edson, *v.* Fletcher *et al.*

WINDSOR,
February,
1842.

Allen, adm. of
Edson,
v.
Fletcher et al.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The defendants, in consequence of their neglect to enter and prosecute their claim against Edson's estate, in the county court, in pursuance of the provisions of the statute, are forever barred from any recovery thereon. The term of the court, to which appeals from the decisions of the commissioners on that estate were to be taken, and at which the defendants should have prosecuted their claim, was held in May, 1840, and at that term no proceedings were had, either by them or the administrator. But, at the November term of the same court, the administrator presented his complaint, praying for an affirmance of the allowance made by the commissioners in favor of the estate, with costs. Whether, in any event, the administrator would have been entitled to such an affirmance, or what is to be the effect of the proceedings before the commissioners, and the subsequent proceedings on the claims in favor of the estate, we are not called upon to decide. If the administrator could, in any event, prevail on this complaint, it should have been preferred at the term of the court held in May. So far as it was either an appeal from the commissioners, or in the nature of an appeal, it should have been prosecuted at that term of the court; and if, in consequence of the neglect of the creditors, the administrator could enter a complaint, either for an affirmance of the allowance in favor of the estate, or for his cost, it must have been presented to the court at that term of the court, or the whole proceedings were discontinued. The entry of the complaint at the November term, as of the preceding term, cannot prevent this consequence. The whole proceedings were discontinued by the failure, both of the creditors and the administrator, to take any measures in relation to their claims at the May term. The county court were, therefore, right in dismissing this complaint, and their judgment is affirmed with cost.